Case 3:08-cv-01201-WHA     Document 1     Filed 02/28/2008     Page 1 of 24



**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

February 14, 2008

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

*FILED*
*FEB 28 PM*

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Mr. Richard W. Wieking, Clerk
United States District Court
Phillip Burton United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3434

CV 08                1201

WHA

Re: Transfer of our Civil Case No. 2:08-cv-0817 PSG(SH)

Case Title: Earl Bowden v. Ben Curry

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Very truly yours,

Clerk, U.S. District Court

By _____
                Deputy Clerk

cc: All counsel of record

========================================================================================

## TO BE COMPLETED BY RECEIVING DISTRICT

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____.

Clerk, U.S. District Court

By _____
                Deputy Clerk

CV-22 (01/01)                **TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT**

FILED
CLERK U.S. DISTRICT COURT

FEB 13 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

1

2

3

4

5

6

7

8

9                     UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

11

12

13

14

15

16    EARL BOWDEN,                    ) CV 08-817-PSG (SH)
                                      )
17              Petitioner,           ) MEMORANDUM AND ORDER
                                      ) TRANSFERRING ACTION TO THE
                                      ) UNITED STATES DISTRICT COURT
18         v.                         ) FOR THE NORTHERN DISTRICT OF
                                      ) CALIFORNIA
19    BEN CURRY, WARDEN,              )
                                      )
20              Respondent.           )
                                      )
21    ────────────────────────────────

22         Pro se petitioner, filed a Petition for Writ of Habeas Corpus BY A Person

23    in State Custody ("Petition"), pursuant to 28 U.S.C§ 2254 herein. In his Petition,

24    petitioner (who suffered a first degree murder conviction in Los Angeles county

25    Superior court in 1981) challenges the Governor's decision to reverse the Board of

26    Prison Hearings' decision to grant petitioner parole. (Petition at 5-6(a)). [1]

27         Petitioner presently is in custody at the Correctional Training Facility in

28    ─────────────
      [1]Petitioner has not alleged the date of the Governor's action.

                                      1

1  Soledad, California (Petition at 2), which is the Monterey. The Parole hearing did
2  not take place in this District. Monterey County is located in the United States
3  District court for the Northern District of California. 28 U.S.C. §84(a).

4      A petition for Writ of habeas corpus relief brought pursuant to §2254 must
5  be filed in the district court for the district in which the prisoner reside or "in the
6  district court for which the district within which the State court was held which
7  convicted and sentenced" the prisoner. 28 U.S.C. §2241(d). This same section
8  authorizes a district court, in the exercise of its discretion and in the furtherance of
9  justice, to transfer a habeas petition to another district court.

10      Based on an informal understanding, it is the practice of the district courts
11  in California to transfer habeas actions challenging state convictions to the "district
12  court for the district within which the State court was held which convicted and
13  sentenced" petitioner. However, instant Petition does not challenge petitioner's
14  conviction and sentence; rather, it challenges a parole decision that did not take
15  place in this district.

16      IT IS THEREFORE ORDERED that this action be, and it is hereby
17  transferred to the United States District Court for the Northern District of
18  California.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

2

1    IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order

2    upon petitioner's counsel.

3    DATED: _2/17/08_

4

5    _____

6    PHILIP S. GUTIERREZ
     UNITED STATES DISTRICT JUDGE

7

8

9    Presented by:
     Dated: _2/11/08_

10

11   _____

12   STEPHEN J. HILLMAN
     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00817-PSG-SH
### Internal Use Only

Earl Bowden v. Ben Curry
Assigned to: Judge Philip S. Gutierrez
Referred to: Magistrate Judge Stephen J. Hillman
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 02/06/2008
Date Terminated: 02/13/2008
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Earl Bowden**

represented by **Earl Bowden**
CDC C-31351
Correctional Training Facility
PO Box 689
Soledad, CA 93960-0689
PRO SE

V.

**Respondent**

**Ben Curry**
*Warden (A)*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/06/2008 | ●1 | PETITION for Writ of Habeas Corpus by a Person In State Custody (28:2254) Case assigned to Judge Philip S. Gutierrez and referred to Magistrate Judge Stephen J. Hillman. (Filing fee $ 5 DUE.), filed by Petitioner Earl Bowden. (et) (Entered: 02/09/2008) |
| 02/06/2008 | ●2 | NOTICE OF REFERENCE TO A U.S. MAGISTRATE JUDGE. Pursuant to the provisions of the Local Rules, the within action has been assigned to the calendar of Judge Philip S. Gutierrez and referred to Magistrate Judge Stephen J. Hillman to consider preliminary matters and conduct all further matters as appropriate. The Court must be notified within 15 days of any change of address. (et) Additional attachment(s) added on 2/9/2008 (et) (Entered: 02/09/2008) |
| 02/13/2008 | ●3 | MEMORANDUM AND ORDER by Judge Philip S. Gutierrez transferring case to NORTHERN DISTRICT OF CALIFORNIA. Original file, certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (sbu) (Entered: 02/14/2008) |

Earl Bowden

NAME
C-31351

PRISON IDENTIFICATION/BOOKING NO.

P. O. Box 689, (FW-203-Low)

ADDRESS OR PLACE OF CONFINEMENT
Soledad, California. 93960-0689

Note:   It is your responsibility to notify the Clerk of Court in writing of any
change of address. If represented by an attorney, provide his name,
address, telephone and facsimile numbers, and e-mail address.

FILED
CLERK, U.S. DISTRICT COURT

FEB 26 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER:

Earl Bowden

FULL NAME (Include name under which you were convicted)

Petitioner

CV 08 - 817 PSG (SH)
To be supplied by the Clerk of the United States District Court

CV 08 1201

v.

☐ _____   AMENDED   **WHA**

Ben Curry, (Warden) (A)

NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY
### 28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION  Los Angeles
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

6. When you have completed the form, send the original and two copies to the following address:
Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

LODGED
CLERK, U.S. DISTRICT COURT

JAN 3 0 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☐ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☒ a parole problem.
4. ☒ other. **FAILURE OF THE GOVERNOR TO FOLLOW THE MANDATE'S OF PENAL CODE § 3041(a) THUS VIOLATING PETITIONER DUE PROCESS RIGHTS AND LIBERTY INTEREST IN PAROLE.**                                    PETITION

1. Venue
   a. Place of detention _Correctional  Training Facility , Soledad State Prison_
   b. Place of conviction and sentence _Long Beach Superior Court_

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*): _Penal Code § 187, First Degree Murder._

   b. Penal or other code section or sections: _N/A_

   c. Case number: _A021269_
   d. Date of conviction: _June 3, 1981_
   e. Date of sentence: _June 3, 1981_
   f. Length of sentence on each count: _7-Years-To-Life_

   g. Plea (*check one*):
      ☐ Not guilty
      ☐ Guilty
      ☒ Nolo contendere
   h. Kind of trial (*check one*):
      ☐ Jury
      ☒ Judge only   "Plea Bargain"

3. Did you appeal to the California Court of Appeal from the judgment of conviction?    ☐ Yes ☒ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number: _N/A_
   b. Grounds raised (*list each*):
      (1) _N/A_

    (2) N/A _____

    (3) N/A _____

    (4) N/A _____

    (5) N/A _____

    (6) N/A _____

c. Date of decision: N/A _____

d. Result _____ N/A _____

                N/A _____

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☐ Yes ☒ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a. Case number: N/A _____

b. Grounds raised *(list each)*:

    (1) N/A _____

    (2) N/A _____

    (3) N/A _____

    (4) N/A _____

    (5) N/A _____

    (6) N/A _____

c. Date of decision: N/A _____

d. Result _____ N/A _____

                N/A _____

5. If you did not appeal:

a. State your reasons Petitioner entered into a Plea Bargain with the state. _____

_____

_____

_____

b. Did you seek permission to file a late appeal?    ☐ Yes ☒ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?
☒ Yes ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)

a.  (1) Name of court: Los Angeles Superior Court

   (2) Case number: BH004269

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: 8-31-06

   (4) Grounds raised *(list each)*:
The Governor's reversal of petitioner's Bowden's granted parole release
     (a) date is illegal, arbitrary and capricious. The Governor failure to
         present evidence or reliable information that Bowden is a current
     (b) parole risk violate's **Penal Code**, § 3041 and Bowden's State and
         Federal Due Process Rights.
     (c)

     (d)    The Governor unlawfully deprived Bowden of a vested liberty
         interest by reversing the Board's decision to set Bowden's parole
     (e) date.

     (f)

   (5) Date of decision: 5-25-07

   (6) Result  denied

   (7) Was an evidentiary hearing held?   ☐ Yes  ☒ No

b.  (1) Name of court: Court of Appeal of the State of California.

   (2) Case number: B200106

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: 6-24-07

   (4) Grounds raised *(list each)*: The Superior Court's unreasonable application of the law
                  must be reversed and the Petition granted for the reasons
     (a) stated in the original Petition and for the reasons stated herein.

     (b)    The Governor's reversal of Petitioner Bowden's granted parole date
         is illegal, arbitrary and capricious. The Governor failure to present
     (c) evidence or reliable information that Bowden is a current parole
         risk violates **Penal Code**, § 3041 and Bowden's State and Federal Due
     (d) Process rights.

     (e)    The Governor unlawully deprived Bowden of a vested liberty interest

     (f)  by reversing the Board's decision to set Bowden's parole date.

   (5) Date of decision: October 26, 2007

   (6) Result  denied

   (7) Was an evidentiary hearing held?   ☐ Yes  ☒ No

c.  (1) Name of court: California Supreme Court

   (2) Case number: S157985

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: 11-4-07

   (4) Grounds raised *(list each)*:

     (a)  Did the Governor Abuse his Discretion and authority by reversing

     (b)  the Board's grant of parole for the following reasons::

---

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)**

      (A) The commitment offense was especially heinous and callous.
      (B) The motive was "inexplicable" or very "trivial"

(c)   (C) A conviction of Assault on a (60) year old woman that occurred

(d)   (30) years ago does Bowden, commitment offense now over (30) years in the past and over a quarter century of incarceration, provide

(e)   "some evidence" Bowden would present a "unreasonable risk" of danger to society.

(f)   Does the Governor's reversal of the Board's decision violate Bowden's right to due process because the reasons are not supported by the record, and effectively re-sentencing Bowden.

(5) Date of decision: _____

(6) Result _____        **(CONTINUED ON PAGE 5(A) of 10)**

(7) Was an evidentiary hearing held?     ☐ Yes  ☒ No

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:**   *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

a.  Ground one: The Governor's reversal of the Board's grant of parole violate Bowden's right to Due Process because the reasons are not supported by evidence in the record that Bowden is currently dangerous.

(1) Supporting FACTS: Parole may be denied based on the commitment offense circumstances, but only if all other relevant and reliable information is considered. In re Ramirez, 94 Cal.App.4th 549, citing In re Seaock, (1983) 140 Cal.App.3d 29, 37-38. Furthermore, in order to justify denying parole based on the offense, the Board or Governor is required to find that "the prisoner committed the offense in an especially heinous, atrocious or cruel manner."

**(CONTINUED ON PAGE 5(A) of 10)**

| | | |
|---|---|---|
| (2) Did you raise this claim on direct appeal to the California Court of Appeal? | ☒ Yes | ☐ No |
| (3) Did you raise this claim in a Petition for Review to the California Supreme Court? | ☒ Yes | ☐ No |
| (4) Did you raise this claim in a habeas petition to the California Supreme Court? | ☒ Yes | ☐ No |

b.  Ground two: Does Bowden, commitment offense now over (30) years in the past and over a quarter century of incarceration provide "some evidence" that Bowden's release would present an "unreasonable risk" of danger to the community?

(1) Supporting FACTS: Bowden's post-conviction record and behavior is exemplary Bowden, has been a modeled prisoner. He has not received any CDCR-115's disciplinaries violations in (25) plus years of incarceration. Bowden, has complied with all directives and suggestions by the Board, that's why he was deemed safe and rehabilitated and granted a parole date. Bowden has served sufficient time if he had been convicted of first degree murder.

**(CONTINUED ON PAGE 5(A) of 10)**

| | | |
|---|---|---|
| (2) Did you raise this claim on direct appeal to the California Court of Appeal? | ☒ Yes | ☐ No |
| (3) Did you raise this claim in a Petition for Review to the California Supreme Court? | ☒ Yes | ☐ No |

1  6-c-(4)-(g) (Con.t)

2          (g) Does the Governor's deciosn violate Bowden's Due Process
           because there is no evidence that indicates Bowden's
3          release unreasonably endangers public safety.

4  7-a-(1) Supporting Facts: (Con.t)

5      **California Code of Regulations, Title 15:** § 2281(c)-(1). In Bowden's case
       the Governor asserted that the offense was "especially heinous and callous
6      inexplicable and very trivial." This determination can not possibly be
       sufficient to justify a parole denial. Since it would necessarily apply
7      to every person convicted of murder. **In re Rosenkrantz**, 80 Cal.App.4th at
       425 Citations omitted. First, none of the circumstances set forth in the
8      Board's regulations to justify denying parole based on the offense exist
       here, that's why the Board granted Bowden parole and set his parole date.
9      There is absolutely no evidence to show that Bowden shot the victim
       dispassionately or execution style. Second, when the Governor put forth
10     the gravity of the crime as its primary basis for denying parole he was
       required "to comply with the parole policy established  by the Legislature
11     in **Penal Code** § 3041(a) that parole shall normally be granted."

12  7-b-(1) Supporting Facts: (Con.t)

13     and give 25-years-to-life on his 7-years-to-life sentence. Like in the
       case of **Robert Rosenkrantz** and now **In re Lawrence**, (2007) 59 Cal.Rptr.3d
14     537, has that point been reached where Bowden's due process has been
       violated    The Parole Statutes do not vest the Governor the power to
15     re-sentence Bowden. **Sanchez v. Kane**, (C.D. Cal.2006) 444 F.Supp.2d 1049,
       1063. One District Court Judge stated it this way: "In some realistic
16     way, the facts of the unchanged circumstances must indicate present danger
       to the community if released, and this can only be assessed not in a
17     vacuum. After four or five eligibility hearings, but counterpoised
       against the backdrop of prison events." **Bair v. Folsom State Prison**, (2005
18     WL 3081634, p. 12, n.3 (E.D. Cal. 2005) (Findings and Recommendation
       adopted). Bowden has had (12) parole hearings, and there's no evidence he
19     would present a danger to the community if released.

20

21

22

23

24

25

26

27

28
                                    Page 5(A) of 10

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☒ Yes   ☐ No

c. Ground three: Does the Governor's decision violate Bowden's due process rights because there is not evidence that indicate Bowden's release unreasonably endangers public safety?

(1) Supporting FACTS: The Governor is bound by the same considerations and law as the Board found no evidence that indicate Bowden's release unreasonably endangers public safety and granted parole to Bowden. The Governor has not offered any new or contrary information for his reversal. Bowen, committed his offense in (1975), Although Bowden had a prior record, the same principle applies that when relying upon the gravity

**(CONTINUED ON PAGE 6(A) of 10)**

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☒ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☒ Yes   ☐ No

d. Ground four: The Governor Abused his Discretion and authority by reversing the Board's grant of parole for the following reasons:
(1) The commitent offense was especially heinous and callous; (2) The motive was "inexplicale" or very "trivial." (3) A convicted of Assault on a (60) Year old woman that occurred (30) years ago.
(1) Supporting FACTS:   The Governor cites these reasons for reversing Bowden's grant of a parole date; these facts lack reliability that Bowden is a current unreasonable threat to society if released. The use of these facts some (30) years in the past makes no nexus to Bowden current dangerousess in (2008). Thus, the predictive value of commitment offense and the two other are very questionable after (30) plus years of incarceration and model behavior.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☒ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☒ Yes   ☐ No

e. Ground five: _____

(1) Supporting FACTS: _____
_____
_____
_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

7.-c.-(1) Supporting Facts: (Con.t)

of the commitment offense or past convicted offenses. A significant factor in making such determinations is the passage of time because "The predictive value of the commitment offense may be very questionable after a long period of time." **Irons v. Warden**, (E.D. Cal. 2005) 358 F.Supp.2d 936, 947. Here, the Governor reliable on the commitment offense essentially convert Bowden's original sentence of 7-years-to-life with the possibility of parole into a sentence of life without the possibility of parole. Bowden has no chance of obtaining parole unless another Governor holds that his crime was not serious enough to warrant a denial of parole. Federal due process requirements  Like state law, also bind the Governor: "The parole statutes do not vest the Governor with the power to re-sentence Bowder." Bowden's minimum term has expired, the Board calculated Bowden's base term at (204) months when granting him parole. **California Code of Regulations, Title 15:** § 2282(b) for First Degree Murder committed before November 8, 1978 (13-15-17) years. Bowden's Base Term was set at (17-Years). Firearm Enhancement added (24) months. The total term (228 months) equivalent to (19) years. Bowden was assessed (96) months good time / work time credits reducing his term to (132) months or (11-years). Bowden has now been in continuous custody for well over (25+) years,  far exceeding any Base Term in the Matrix and (18) years beyond his minimum parole date. The Governor decision is arbitrary and capricious and violates Bowden's Due Process Rights. The Governor's decision should be reversed and the Petition granted.

## CONCLUSION

For the reasons stated herein Bowden submits that the Governor's reversal of his grant of parole by the Board of Parole Hearings violates his Due Process and deprive Bowden of his liberty interest in parole.

DATE: JAN. 27, 2008

Respectfully submitted,

*Earl Bowden*

Earl Bowden, C-31351
(Petitioner)

IN   PRO   SE

Page 6(A) of 10

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: __N/A__

N/A _____

N/A _____

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
   ☐ Yes  ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: __N/A__

   (2) Case number: __N/A__

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: __N/A__

   (4) Grounds raised *(list each)*:

   (a) __N/A__

   (b) __N/A__

   (c) __N/A__

   (d) __N/A__

   (e) __N/A__

   (f) __N/A__

   (5) Date of decision: __N/A__

   (6) Result __N/A__
   __N/A__

   (7) Was an evidentiary hearing held?    ☐ Yes  ☒ No

b. (1) Name of court: __N/A__

   (2) Case number: __N/A__

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: __N/A__

   (4) Grounds raised *(list each)*:

   (a) __N/A__

   (b) __N/A__

   (c) __N/A__

   (d) __N/A__

   (e) __N/A__

   (f) __N/A__

   (5) Date of decision: __N/A__

   (6) Result __N/A__

(7) Was an evidentiary hearing held?        ☐ Yes   ☒ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect
    to this judgment of conviction?        ☐ Yes   ☒ No

    If so, give the following information *(and attach a copy of the petition if available)*:

    (1) Name of court: __N/A__

    (2) Case number: __N/A__

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: __N/A__

    (4) Grounds raised *(list each)*:

        (a) __N/A__

        (b) __N/A__

        (c) __N/A__

        (d) __N/A__

        (e) __N/A__

        (f) __N/A__

11. Are you presently represented by counsel?        ☐ Yes   ☒ No

    If so, provide name, address and telephone number: __N/A__

    __N/A__

    __N/A__

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

__N/A__

*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __March 27, 08__        _Earl Bowden_
                *Date*                        *Signature of Petitioner*

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, __Earl Bowden_____, declare:

I am over 18 years of age and I am party to this action. I am a
resident of CORRECTIONAL TRAINING FACILITY prison, in the County
of Monterrey, State of California. My prison address is:

__Earl Bowden_____, CDCR #:__C-31351_____
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: (FW-203-Low)
SOLEDAD, CA  93960-0689.

On __July 27, 2008_____, I served the attached:

__PETITION FOR WRIT OF HABEAS CORPUS AND ATTACHED EXHIBITS.__

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined. The envelope was addressed as

follows:

United States District Court
For The Central District of California
312 North. Spring, Street
Civil Section Room (G-8)
Los Angeles, California.
Zip.    90012

Department of Justice
Office of the Attorney General
110 West "A", Street, Suite #: (1100)
San Diego, California.
Zip.    92186-5266

I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on __July 27, 2008____.

_Earl Bowden_ (signature)

__Earl Bowden_____
Declarant

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | |
|---|---|---|
| Date:   MAY 25, 2007 | | |
| Honorable: STEVEN R. VAN SICKLEN | Judge   J. PULIDO | Deputy Clerk |
| NONE | Bailiff   NONE | Reporter |

| | |
|---|---|
| BH 004269<br>In re,<br>**EARL BOWDEN,**<br>Petitioner,<br><br>On Habeas Corpus | (Parties and Counsel checked if present)<br><br>Counsel for Petitioner:<br><br><br>Counsel for Respondent: |

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered petitioner's Writ of Habeas Corpus filed on September 5, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Governor in parole matters, the Court concludes that the record contains "some evidence" to support the Governor's finding that petitioner is unsuitable for parole (Cal. Code Reg. Tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner was received in the Department of Corrections on June 5, 1981 after a conviction for first-degree murder. He w as sentenced to a term of seven years to life. His minimum parole eligibility date was July 9, 1987. The record reflects that on October 13, 1975, petitioner shot and killed a liquor store clerk during a robbery. He evaded arrest for five years following the murder. He claims that he is not guilty of the offense, although he pled guilty.

The Governor is constitutionally authorized to make "an independent decision" as to parole suitability. (*Rosenkrantz, supra,* 29 Cal.4th 616 , 670.) Only a "modicum of evidence" is required. (*Id.* at 677.) Here, the Governor reversed the Board of Prison Term's ("Board") decision to grant petitioner parole because he concluded the gravity of the murder he committed currently outweighs the positive factors supporting his parole suitability.

The Governor can properly rely upon the circumstances of the crime in deciding that petitioner is not presently suitable for parole. (*Rosenkrantz, supra,* 29 Cal.4th 616, 683.) The Court finds that there is some evidence to support the Governor's reversal because "the motive for the crime is inexplicable or very trivial in relation to the offense" (Cal. Code Regs., tit. 15, §2402, subd. (c)(1)(E).) "To fit the regulatory description, the motive must be materially less significant (or more "trivial") than those which conventionally drive people to commit the offense in question, and therefore more indicative of a risk of danger to society if the prisoner is released than is ordinarily present." (*In re Scott* (2004) 119 Cal.App.4th 871, at 893.) In this case, petitioner shot and killed the victim during a robbery. The Governor was justified in concluding that "the motivation to obtain money" is materially less significant than those which conventionally drive people to commit murder. (*In re Honesto* (2005) 130 Cal.App.4th 81, 95.)

1

| Minutes Entered |
|---|
| 05-25-07 |
| County Clerk |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | MAY 25, 2007 | | | |
|---|---|---|---|---|
| Honorable: STEVEN R. VAN SICKLEN | | Judge | J. PULIDO | Deputy Clerk |
| NONE | | Bailiff | NONE | Reporter |

|  | (Parties and Counsel checked if present) |
|---|---|
| BH 004269 | |
| In re, | |
| EARL BOWDEN, | Counsel for Petitioner: |
| Petitioner, | |
| On Habeas Corpus | Counsel for Respondent: |

The Governor also reversed the Board's parole grant because he found that petitioner on other occasions "inflicted or attempted to inflict serious injury on a victim." (Cal. Code Regs., tit. 15, §2402, subd.(c)(2).) Although he had not been convicted of any violent crimes prior to the murder, he was convicted of assault with force likely to cause great bodily injury during the five intervening years. In that case, he was convicted of putting a 60-year-old woman in chokehold and threatening to kill her. He dragged her to a parking lot. When police arrived, petitioner was holding the woman down on the pavement. Although the Governor commended the gains made by petitioner while incarcerated, he felt that, due to his history of violence, he is not yet suitable for parole.

Accordingly, the petition is denied.

The court order is signed and filed this date. The clerk is directed to send notice.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Earl Bowden
C-31351
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Department of Justice
Office of the Attorney General of the State of California
110 West A Street, Suite 1100
San Diego, CA 92101
Attn: Ms.Cynthia Lumely

2

| Minutes Entered |
|---|
| 05-25-07 |
| County Clerk |

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

COURT OF APPEAL - SECOND DIST.

𝔽 𝕀 𝕃 𝔼 𝔻

OCT 26 2007

JOSEPH A. LANE _____ Clerk

S. VEVERKA
Deputy Clerk

|  |  |  |
|---|---|---|
| In re | ) | B200106 |
|  | ) |  |
| EARL BOWDEN, | ) | (Super.Ct.No. BH004269) |
|  | ) | (Steven R, Van Sicklen, Judge) |
| on Habeas Corpus. | ) |  |
|  | ) | ORDER |
|  | ) |  |
|  | ) |  |

THE COURT:*

The petition for writ of habeas corpus has been read and considered.

The petition is denied.

Denial of parole may be based solely upon the particular circumstances of the inmate's commitment offense indicating that the inmate currently presents an unreasonable risk of danger to society or a threat to public safety if released on parole. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 683; *In re Dannenberg* (2005) 34 Cal.4th 1061, 1070-1071 and 1094-1095.) The record shows that the circumstances of petitioner's first-degree murder offense far "exceed the minimum elements necessary to sustain a conviction" of first-degree murder in several respects and constitute some evidence that petitioner would pose an unreasonable risk of danger to the community if he were released. The murder was callously committed by petitioner during an armed robbery after petitioner and his accomplice had obtained money without resistance. Petitioner shot the victim in the upper chest with a 20-gauge shotgun round at close range, evidencing an intention to kill the victim. The motive for the murder was inexplicable or extremely trivial.

Petitioner's conviction of subsequent offenses, particularly the assault upon a 60-year old woman with force likely to cause great bodily injury, is additional evidence supporting the Governor's determination that petitioner would present an unreasonable danger to the community if released. Petitioner's attempt to minimize the degree of violence involved in that assault is additional evidence that he has not gained insight into his past violent behavior.

_____      _____      _____
* WILLHITE,  Acting P. J.,                    MANELLA, J.,                            SUZUKAWA, J.

2

Court of Appeal, Second Appellate District, Div. 4 - No. B200106
**S157985**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re EARL BOWDEN on Habeas Corpus

The petition for review is denied.

Werdegar, J., was absent and did not participate.

**SUPREME COURT**
**FILED**

JAN - 3 2008

**Frederick K. Ohlrich Clerk**

Deputy

**GEORGE**

Chief Justice



**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Wednesday, February 06, 2008

**EARL BOWDEN**
**C-31351**
**P.O. BOX689**
**SOLEDAD, CALIFORNIA, 93960-0689**


Dear Sir/Madam:

A [X] Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
CV08- 817 PSG (SH)

A [ ] Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
number                        and also assigned the civil case number

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

[ ] District Court Judge _____

[X] Magistrate Judge _____**Stephen J. Hillman**_____  _____

at the following address:

[X]  U.S. District Court          [ ] Ronald Reagan Federal          [ ] U.S. District Court
     312 N. Spring Street             Building and U.S. Courthouse        3470 Twelfth Street
     Civil Section, Room G-8          411 West Fourth St., Suite 1053     Room 134
     Los Angeles, CA  90012           Santa Ana, CA  92701-4516           Riverside, CA 92501
                                      (714) 338-4750

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

                                        Very truly yours,

                                        Clerk, U.S. District Court

                                             JOHN SZABO
                                        By: _____

                                             Deputy Clerk



**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA 90012
Tel: (213) 894-3535

Wednesday, February 06, 2008

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**EARL BOWDEN**
C-31351
P.O. BOX 689
SOLEDAD, CA 93960-0689

Dear Sir/Madam:

Your petition has been filed and assigned civil case number    CV08- 817 PSG (SH)

Upon the submission of your petition, it was noted that the following discrepencies exist:

[X] 1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank
check, business or corporate check, government issued check, or money order drawn on a major
American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If
you are unable to pay the entire filing fee at this time, you must sign and complete this
court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its
entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover,
American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at
all payment windows where receipts are issued.

[X] 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

[ ] (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its
entirety.

[X] (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized
officer at the prison.

[ ] (d) You did not use the correct form.  You must submit this court's current Declaration in
Support of Request to Proceed in Forma Pauperis.

[ ] (e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in
Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court
JOHN SZABO

By: _____

Deputy Clerk

CV-111 (07/06)          **NOTICE re: DISCREPENCIES FOR FILING OF HABEAS CORPUS PETITION**



FILED
CLERK, U.S. DISTRICT COURT

FEB - 6 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | | CASE NUMBER |
|---|---|---|
| **EARL BOWDEN** | | **CV08- 817 PSG (SH)** |
| | PLAINTIFF(S) | |
| V. | | |
| **BEN CURRY, WARDEN** | | **NOTICE OF REFERENCE TO A UNITED STATES MAGISTRATE JUDGE** |
| | DEFENDANT(S) | **(Petition for Writ of Habeas Corpus)** |

Pursuant to General Order 07-02, the within action has been assigned to the calendar of the Honorable Philip S. Gutierrez, U.S. District Judge. Pursuant to General Order 05-07, the within action is referred to U.S. Magistrate Judge Stephen J. Hillman, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that an evidentiary hearing is required, the Magistrate Judge shall prepare a report and recommendation and file it with the Clerk of the Court which may include proposed findings of fact and conclusions of law where necessary or appropriate, and may include a proposed written order or judgment, which shall be mailed to the parties for objections.

Pleadings and all other matters to be called to the Magistrate Judge's attention shall be formally submitted through the Clerk of the Court.

The Court must be notified within fifteen (15) days of any address change. If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the petition with or without prejudice for want of prosecution.

Clerk, U.S. District Court

February 6, 2008                    By    JOHN SZABO

Date                                        Deputy Clerk