IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL BOWDEN,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY, Warden,<br><br>    Respondent. | No. C 08-1201 WHA (PR)<br><br>**DENIAL OF CERTIFICATE OF APPEALABILITY; INSTRUCTIONS TO CLERK** |

    This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254 in which he challenges the denial of parole. The petition was denied on its merits in an order dated January 27, 2010. Judgment was entered that day.

    On February 10, 2010, petitioner filed a notice of appeal, requesting a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The Clerk processed the appeal without a ruling on the request for a COA because at that time, a prisoner did not have to obtain a certificate of appealability in order to appeal the denial of a habeas petition challenging the denial of parole. *See White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir. 2004); *Rosas v. Nielsen*, 428 F.3d 1229, 1231-32 (9th Cir. 2005) (per curiam). On April 22, 2010, the Ninth Circuit overruled *White* and *Rosas* on that point, and held that a prisoner must obtain a COA. *See Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc). On May 3, 2010, pursuant to *Hayward*, the Ninth Circuit remanded the case for the limited purpose of a decision on whether to grant or deny a COA.

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Petitioner's claims all contend that there was not sufficient evidence to support the Governor's decision denying parole. For the reasons set out in the ruling on the petition, jurists of reason would not find debatable or wrong that the state court reasonably applied California's "some evidence" requirement in upholding the denial of parole, and reasonably determined the facts in light of the evidence presented. *See Hayward*, 603 F.3d at 562-63. Petitioner's request for a certificate of appealability is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Ninth Circuit. *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Ninth Circuit to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August   9  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\BOWDEN1201.COA.wpd